SWIFT, Judge.
Plaintiff sued on a promissory note executed by defendant in consideration of a loan obtained in part to finance repairs to the latter’s automobile. The defense urged was a failure of consideration.
Defendant contends that the repair work was performed improperly, and as a representative of plaintiff had undertaken “to manage” the repair of the vehicle, plaintiff should be responsible for the cost thereof. The basis for this alleged responsibility is the principle of negotiorum gestio as set forth in Articles 2295-2300 of the Civil Code. Defendant also reconvened for the value of the automobile, alleging that the repairman had mishandled the vehicle and ruined the engine.
The trial court held that plaintiff’s conduct did not constitute an undertaking of management as contemplated by LSA-C.C. Art. 2295, and rendered judgment in favor of the plaintiff. Defendant has prosecuted this appeal.
The record reveals that sometime before January 3, 1966, defendant contacted Christian Bistes, the manager of Citizens Discount Co., Inc., to arrange a loan for the cost of certain automobile repairs. At this time, defendant expressed some concern that the repair estimate he had received from a New Orleans dealership was too expensive, and asked Mr. Bistes to recommend another repairman. The name, address and telephone number of Favre and Favre Automobile Repairs were given the defendant. However, Mr. Royal placed the car in Citizens Discount’s parking lot, and requested that Mr. Bistes contact the repairman and have him pick it up. Defendant explained that his work hours and the distance to the repair shop prevented him from taking the automobile there. Mr. Bistes complied with the request. The repairs were delayed for some reason, and defendant called the repairman several times to see when the automobile would be ready. When the work was finished the car was returned to the lot by the repairman. The defendant met him there, and executed a promissory note in favor of Citizens Discount dated January 3, 1966. Part of the proceeds of the note was paid for the repair work by a check made payable jointly to Favre and Favre and the defendant, which was handed to the mechanic by Mr. Royal. The balance was either retained by plaintiff to discharge a prior indebtedness or paid to the defendant.
Some time later defendant experienced similar trouble with the car, and followed essentially the same procedure as set forth above. On May 16, 1966, another promissory note was executed in part for the cost of the repairs and in part to retire the outstanding balance of the prior loan. The defendant refused to pay the third monthly payment on the note, contending that the *859 repair work was still unsatisfactory, and this suit resulted.
We agree entirely with the findings of fact and conclusion of law of the trial judge.
The doctrine of negotiorum gestio is applicable,
“When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business.
“He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors.” LSA-C.C. Art. 2295.
This article is restricted by its terms to a situation where one “undertakes, of his own accord, to manage the affairs of another * * *. ” (Emphasis supplied). It is found in that chapter of the Code dealing with quasi contracts, which are defined in part as, “All acts, from which there results an obligation without any agreement * * ” LSA-C.C. Art. 2294. (Emphasis supplied.) Thus, by the express provisions of our Civil Code the gestor is one who voluntarily takes it upon himself to manage the affairs of another without any authority or having been charged to do so. For general comments on this subject see Planiol, Civil Law Treatise (LSLI Translation, 1959) Volume 2, Part 2, Section 2273; 36 Tulane Law Review, 108; Standard Motor Car Co. v. State Farm Mutual Auto. Ins. Co., La.App., 97 So.2d 435, at 439. Consequently, the theory of negotiorum gestio has no application to a situation where the service or management is performed under the directions of the person whose affairs are managed or by a mandate or agreement between the parties.
It is obvious from the testimony that everything Mr. Bistes did with respect to the repair work performed by Favre and Favre on the defendant’s automobile was done by and with the authority of Mr. Royal and in accordance with the agreement and understanding of the parties. It is therefore clear that the plaintiff did not become a gestor under codal Article 2295 in suggesting the repair company (with whom it had no connection) and assisting the defendant in getting his car to the repair shop.
In addition, we must add that it is doubtful the defendant has established in this case that Mr. Bistes failed to perform the duties of a prudent administrator. The record contains no evidence which indicates that he either knew or should have known that the repair company was incompetent to repair this vehicle or that he would not have engaged it to perform such work on his own car.
The defendant’s reconventional demand was based on the same theory as his defense to the principal demand, and it likewise must fall.
For these reasons the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.